UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE D. WILDRIDGE,

    Plaintiff,

v.                                    CASE NO. 8:05-cv-01161-MAP

JO ANNE B. BARNHART
Commissioner of Social
Security

    Defendant,
_____/

**<u>ORDER</u>**

This is an action to review the administrative denial of Social Security benefits. *See* 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Because the Administrative Law Judge (ALJ) erred at step two of the sequential analysis in failing to find her depression a severe impairment, the matter is remanded to the Commissioner for further administrative proceedings.

    *A. Background*

Plaintiff, who was 49 years old at the time of the ALJ's decision, has a high school education, and past relevant work experience as a jewelry maker, machine operator, cashier, assembler, deburrer, packer and cook. She claims she became disabled on September 29, 1999, from back pain, high blood pressure, obesity, and depression. Following an administrative hearing, the ALJ denied her benefits, and the Appeals Council then denied review. Consequently, she applied to this Court for consideration under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

    *A. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process,

promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand

for clarification).

    C.  *Discussion*

The Plaintiff had been treated medically (Paxil) for depression a year or two before her disability onset date.  In April 2000, a consulting psychologist (Kasper) retained by the Commissioner found the Plaintiff to be suffering from a major depressive disorder that was recurrent and moderate to severe.  The psychologist thought the Plaintiff's prognosis would be fair or poor.  In June 2001, the Commissioner referred the Plaintiff to another consulting psychologist (Highsmith).  Aided by testing, this psychologist like the first found the Plaintiff suffered from a major depressive disorder that was severe.  A non-reviewing psychiatrist (Dinwoodie) subsequently reviewed Plaintiff's reports and she too determined Plaintiff suffered from severe depression.  This non-examining consultant concluded Plaintiff experienced moderate difficulty in maintaining concentration, persistence, and pace.  Despite these opinions, the ALJ determined Plaintiff's depression was not severe for purposes of step two of the sequential analysis.  The ALJ reached this conclusion by relying on yet another non-examining psychologist who disagreed with the previous non-examining expert's opinions.  Plaintiff claims the ALJ erred in his finding, and I agree.

At step two the ALJ's duty is to determine whether the claimant has a severe impairment or combination of impairments that significantly limit her ability to perform work-related functions.  20 C.F.R. § 404.1520(b) and 416.920(b).  A claimant need show only that her impairment is not so slight and its effect is not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984).  Notably, this step is a threshold inquiry; it allows only claims based on the most trivial impairments to be rejected.  Moreover, the claimant's burden here is mild.  *McDaniel,* 800 F.2d at 1031.  Given this

standard, the Plaintiff satisfied her burden. Because the ALJ failed to adequately follow the regulatory scheme, remand is appropriate.

   *D. Conclusion*

   For the reasons stated, the Clerk is directed to enter judgment for the Plaintiff with directions remanding the case to the Commissioner for further administrative proceedings consistent with this order.

   IT IS SO ORDERED at Tampa, Florida on this 19th day of July, 2006.

                                        /s/ Mark A. Pizzo
                                        MARK A. PIZZO
                                        UNITED STATES MAGISTRATE JUDGE

cc: counsel of record